WARREN v. WARREN et al.

(Supreme Court, Appellate Division, Third Department. January 9, 1901.)

DOWER—MODIFICATION OF JUDGMENT—VALUE OF PREMISES—FINDINGS—EVIDENCE—SUFFICIENCY.

> In an action for dower, the net rental value of the premises was found to be $175 annually, and judgment was entered requiring the annual payment of $66 to plaintiff. On an application by defendants to modify the judgment, because the rental value of the premises had decreased, plaintiff's witnesses testified that the gross rental value was not over $200, while defendants' witnesses testified that the gross rental value was only $100; and the referee found the gross rental value to be $150, and the net rental value $90. *Held*, that the conclusion of law that the rental value had not diminished was not supported by the facts found or the evidence, and that the judgment should be modified to make the net rental value at $120, and the annual payment to plaintiff to be $40.

Appeal from special term, Fulton county.

Action by Joanna Warren, now Joanna Caldersaygues against Charles Warren and another. From an order denying an application to modify the judgment, defendants appeal. Reversed.

This action was originally brought to admeasure dower, and upon December 2, 1884, judgment was entered requiring the defendants to pay to the plaintiff the sum of $66 annually as one-third of the rental value of the farm in which the said plaintiff had a dower interest. The question here arises upon an application of the defendants, under section 1614 of the Code of Civil Procedure, to have that amount diminished, on the ground that the rental value of the property has materially decreased since the judgment was entered. Upon the former trial it was determined that the net rental value of the premises amounted to $175 per year. In this proceeding the referee to whom the matter was referred has found the net rental value at about $90. The court at special term, however, disregarded the conclusions of the referee, and declined to modify the judgment. From this order refusing to confirm the report of the referee, and from the judgment declining to modify the other judgment and for costs of the proceeding, this appeal has been taken.

Argued before PARKER, P. J., and MERWIN, SMITH, KELLOGG, and EDWARDS, JJ.

Horton D. Wright, for appellants.
Philip Keck, for respondent.

SMITH, J. It is not apparent why the direction for the annual payment of $66 was given in the original judgment upon the finding of a net rental value of $175. The gross rental value, as sworn to by the majority of the plaintiff's witnesses upon this application, was only $200. After deducting taxes and insurance, the net rental value must be less than $150, even upon that basis. Some force, however, must be given to the testimony of the witnesses for the defendants. The weight of their evidence is to the effect that the gross rental value is now only $100 per year. The referee found that the gross rental value was $150, and the net rental value about $90. The

conclusion of the court that the rental value has not diminished is unwarranted, we think, from the evidence in the record. The plaintiff would have no cause of complaint if the net rental value were found to be not over $120. If the respondent will consent to a modification of the judgment to assess the present net rental value at $120, and provide for an annual payment to her of $40, the order and judgment may be modified, and as thus modified affirmed, without costs to either party. If she will not so stipulate, the order and judgment must be reversed, and the matter remitted to special term, with costs of this appeal to the appellants.

Judgment and order appealed from reversed on the law and facts, and matter remitted to special term, with costs of the appeal to appellants, unless respondent will stipulate for a modification of the original judgment to assess the present net rental value at $120 per annum, and provide for the annual payment to the widow of $40 for her dower interest, in which case the judgment as thus modified is affirmed, without costs to either party. Order to be settled by SMITH, J. All concur.